Filed 03/18/24

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-04290

---

R.W., et al. v. J.M., et al

---

### Ruling on DCF's, S.D.'s, and K.D.'s 12/21/23 Motion to Dismiss

In this case, Plaintiffs R.W. (Mother) and A.M. (Daughter) claim that Defendant J.M. (Father) with the assistance of Defendants M.M. (paternal Grandmother), S.D., J.B., and K.D., all employees (other than Father) of Defendant the Vermont State Department for Children and Families (DCF) during the underlying events, acted in concert to undermine DCF investigations into Father's abuse of Daughter and the resulting child-in-need-of-supervision (CHINS) proceeding brought against him.[1] Defendants M.M., S.D., J.B., and K.D. are alleged to have achieved these ends by abusing their authority as DCF employees. Following this Court's July 9, 2023, decision and the family division's subsequent determination making hearing transcripts from the CHINS proceeding available for use in this case under 33 V.S.A. § 5117(b)(1)(F), Plaintiffs filed an amended complaint. *See In re A.M.*, No. 115-5-16 Wnjv (Vt. Super. Ct. Aug. 17, 2023).

Count 1 of the amended complaint is asserted by R.W. against all individual defendants for intentional infliction of emotional distress. Count 2 is asserted by A.M.

---

[1] The individual parties are referred to by initials pursuant to an order of the Court entered on March 28, 2023. Daughter is a minor who appears in this case via Mother as self-appointed "next friend."

against all individual defendants other than J.M. for a violation of the Vermont constitution. The claim appears to be that custody determinations, presumably made by the family court, have resulted in J.M. having or retaining custody of A.M. and somehow amount to an unlawful seizure of her person in violation of Article 11 of the Vermont Constitution. Count 3 is the same as Count 2 but framed under the Fourth Amendment of the United States Constitution. Count 4 is asserted by R.W. and A.M. against the State (DCF) for negligent supervision and retention of its employees M.M., S.D., J.B., and K.D.

DCF, S.D., and K.D. (Defendants) have filed a joint motion to dismiss on statute-of-limitations grounds, arguing that the claims against them accrued no later than 2016 in the course of the CHINS proceeding, and the 3-year limitation period for personal injuries, 12 V.S.A. § 512(4), expired long before the original complaint was filed.[2] Plaintiffs respond with two threshold arguments: (1) that the motion to dismiss should be rejected as impermissibly seeking a second bite at the apple; and (2) that there is no applicable limitation period because their claims arise out of allegations of childhood sexual abuse for which there is no limitation period under 12 V.S.A. § 522. Failing that, they do not dispute that the 3-year limitation period for personal injury would be the correct limitation statute. In that event, however, they argue that (3) A.M.'s claims are subject to the minority tolling statute, 12 V.S.A. § 551(a); (4) Defendants' motion should be rejected as impermissibly relying on extrinsic evidence (the CHINS hearing

---

[2] DCF, S.D., and K.D. characterize themselves as the "State Defendants" even though other defendants were DCF employees at the time relevant to the allegations. For ease of reference in this decision, the Court refers to DCF, S.D., and K.D. simply as Defendants. The claims against the other parties are not at issue at this time.

transcripts), if the motion is not converted to summary judgment; (5) Plaintiffs' claims did not accrue until very recently; (6) Plaintiffs' claims were timely filed under the continuing tort doctrine; and (7) the Court should equitably toll the limitation period, rendering the claims timely.

I.     *Allegations of the Complaint*

The Court declines to recount the allegations of the amended complaint in detail. The complaint is long and wide-ranging, and many of the allegations are vague and conclusory. The thrust is that R.W. and J.M. had a tumultuous and abusive relationship. By 2016, they were living apart, and J.M. had custody of A.M. DCF received complaints to the effect that J.M. was neglecting and sexually abusing A.M. M.M. and the other defendants who were DCF employees at the time improperly took steps to derail the resulting investigation for J.M.'s benefit, intervening to prevent the first investigator to complete her work and having the case transferred to an investigation team at a faraway Middlebury DCF office. The same defendants continued to thwart the progress of the second investigation.

A CHINS-A (abuse) and B (neglect) petition nevertheless was filed. The investigation, however, had been so badly compromised that the State was unable to present any compelling evidence in support of the petition, which the Court denied, leaving A.M. in J.M.'s custody to suffer continuing abuse and defeating R.W.'s efforts at regaining custody. The CHINS hearing took place over three days: September 8 and 27 and October 12, 2016.

Defendants argue that the transcripts of the CHINS hearing, which Mother attended, clearly show that much of the hearing time was devoted to testimony related to

the alleged conspiracy, and thus Plaintiffs' claims accrued at that time regardless whether additional details were learned later.

II.     *Whether Defendants' Motion is Improperly Duplicative*

Plaintiffs argue that Defendants' motion should be denied as impermissibly duplicative. The thrust of the argument seems to be that their prior motion to dismiss on limitation grounds was denied, and it is unfair to permit them to essentially refile that motion simply because Plaintiffs amended their complaint. They argue that the amendment changes nothing as far as limitation issues go.

As Plaintiffs are well aware, the Court denied Defendants' first motion to dismiss on limitation grounds because it depended largely on self-serving excerpts of transcripts from the CHINS proceeding that remained confidential under 33 V.S.A. § 5117. It did not address the substance of their argument as to the time of accrual or the other issues that the parties have raised now. After that decision, the family division authorized the use of those transcripts in this proceeding. Defendants then filed the new motion along with those complete transcripts. There is no unfair surprise or prejudicial second bite at the apple.

III.    *Claims of Childhood Sexual or Physical Abuse, 12 V.S.A. § 522*

Plaintiffs generally argue that their claims "result" from the alleged childhood sexual abuse of A.M. by J.M. and, under 12 V.S.A. § 522, there is no applicable limitation period for such causes of action. Section 522 permits claims "for recovery of damages for injury suffered as a result of childhood sexual or physical abuse" to be brought "at any time after the act alleged to have caused the injury or condition." 12 V.S.A. § 522(a). Defendants argue that this statute is inapplicable to the claims brought against them

because it only applies to claims brought against the perpetrators of abuse or the entities that supervised those perpetrators. Defendants' argument is based on the statutory provisions expressly defining abuse as having been committed by the "defendant." 12 V.S.A. § 522(c)(1), (2). Under existing Vermont case law, however, the argument is not persuasive.

DCF proposed the same interpretation of the former version of § 522, and the Supreme Court unanimously rejected it, in *Sabia v. State*, 164 Vt. 293 (1995). The plaintiffs in *Sabia* were sisters who alleged that DCF improperly failed to intervene to protect them from sexual abuse as children. DCF argued that the older sister did not get the benefit of the longer, at the time, 6-year limitation period at 12 V.S.A. § 522 because it and its employees were not the alleged perpetrators of the abuse. The *Sabia* Court ruled as follows:

> The State argues that . . . judgment on the pleadings should be affirmed with respect to plaintiff Patterson because her suit was not filed within three years of her eighteenth birthday. According to the State, the six-year statute of limitations for actions based on childhood sexual abuse [12 V.S.A. § 522] applies only in suits against the perpetrators of the abuse, not other persons whose negligence may have contributed to the abuse.

> In support of its argument, the State points out that under § 522 an action shall be commenced within six years of the "act" alleged to have "caused" the injury, and that the statute defines "childhood sexual abuse" as any "act" committed "by the defendant." Further, the State notes that under the statute the victim need not establish which "act" in a series of continuing sexual abuse incidents caused the injury. In the State's view, if the Legislature had intended to allow nonperpetrators to be defendants under the expanded statute of limitations, it would have required plaintiffs to establish which incident of sexual abuse caused the injury.

> We find nothing in the statutory language suggesting that the Legislature intended to exclude nonperpetrators from the reach of the statute. Use of the word "act" in different contexts in different sentences of the statute does not compel the conclusion that the "act" complained of must always be the "act" of sexual abuse itself. The statute applies to civil actions

"brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse." Plaintiff Patterson's suit plainly falls within the scope of the statute. We decline to read the term "against the perpetrator" into a remedial statute whose purpose is to benefit victims of childhood sexual abuse, not to punish the perpetrators of the abuse.

*Sabia*, 164 Vt. at 308–09. Thus, under the version of § 522 in place at the time of *Sabia*, a claim need not have been asserted against the perpetrator of the abuse for § 522 to apply; it was sufficient if the claim was asserted against one who "contributed" to the occurrence of the abuse.

The statute has since been amended to eliminate any limitation period at all, and to apply it to claims of physical abuse. Nonetheless, the current version of the statute is substantially similar to the version in place at the time of *Sabia* in material respects. Moreover, the current version appears to embrace the *Sabia* analysis insofar as it limits claims against entities "that would have been barred by any statute of limitations in effect on June 30, 2019" to circumstances of gross negligence. Such a limit would not be necessary if the claim could be asserted only against the perpetrator of the abuse. The interpretation of § 522 in *Sabia* has continuing force under the current statute and is binding.

A.M. alleges that S.D. and K.D. contributed to the occurrence of the abuse insofar as they are alleged to have undermined the DCF investigation and CHINS proceeding, causing A.M. to remain in J.M.'s custody and suffer continuing abuse, and DCF is alleged to have supervised its employees in a deficient manner to the same effect. Under *Sabia*, these claims are free of any limitation period under 12 V.S.A. § 522.[3]

---

[3] The entity liability provision in § 522 appears to be irrelevant in this case. Section 522(d) provides: "In an action based on childhood sexual abuse that would have been barred by any statute of limitations in effect on June 30, 2019, damages may be awarded

The question next turns to whether the same analysis applies to R.W.'s claims. In all reported cases of claims brought under § 522, the plaintiff was the alleged victim of the abuse. In this case, R.W.'s claims depend, at least to some extent, on the abuse allegedly suffered by A.M.; but R.W. was not in any direct sense the victim of that sexual abuse. There are reasons to think that § 522 and its expansive limitations period properly applies only to claims brought by the direct minor victim. The first sentence of § 522(a) eliminates any limitation on claims "for recovery of damages for injury suffered as a result of childhood sexual or physical abuse." This language implies that the one who suffered the injury is the one who experienced the abuse. The second sentence appears to more specifically refer to that person as the victim: "The victim need not establish which act in a series of continuing physical abuse or sexual abuse or exploitation incidents caused the injury." Moreover, in *Sabia*, the Court specifically indicated that the purpose of the statute "is to benefit victims of childhood sexual abuse." *Sabia*, 164 Vt. at 309.

On the other hand, *Sabia* was not addressing the issue presented here, and the first sentence of § 522(a) also refers broadly to "any person," which might extend in certain circumstances to persons other than the immediate "victim" of the abuse: "A civil action brought by any person for recovery of damages for injury suffered as a result of childhood sexual or physical abuse may be commenced at any time after the act alleged to have caused the injury or condition." Considering the breadth of the interpretation of

---

against an entity that employed, supervised, or had responsibility for the person allegedly committing the sexual abuse only if there is a finding of gross negligence on the part of the entity." At the relevant time, the limitation period of § 522 was 6 years. Thus, counting from 2016, A.M.'s claim against DCF would not have been barred in 2019.

§ 522 in *Sabia* and the potentially very broad language of the first sentence of § 522(a), it is at least possible that § 522 extends to Mother's claims in this case.

The Court declines to rule definitively either way at this time, however. None of the parties has briefed this issue in any detail. Nor have they cited *Sabia*, much less analyzed its implications on this point. The application of § 522 to Mother's claims presents novel matters of first impression. The Court declines to rule on them under Vt. R. Civ. P. 12(b)(6) in these circumstances. *See Ass'n of Haystack Prop. Owners, Inc. v. Sprague*, 145 Vt. 443, 447 (1985) ("Moreover, courts should be especially reluctant to dismiss on the basis of pleadings when the asserted theory of liability is novel or extreme.").

Plaintiffs' remaining defenses to Defendants' statute of limitations argument are posed in the event that the Court concludes that § 522 does not apply. Because § 522 applies to A.M.'s claim, and the Court has not yet determined whether it applies to R.W.'s claims, the Court declines to address the alternative arguments at this time as it is not clear that this case will present any controversy as to them. *See In re Opinion of the Justs.*, 115 Vt. 524, 529 (1949) ("Organically, courts are not instituted to render advisory opinions.").

<u>Conclusion</u>

For the foregoing reasons, Defendants' motion to dismiss is denied as to A.M.'s claims. It is denied without prejudice as to R.W.'s claims at this time as set forth above.

The parties shall confer and submit a proposed Discovery/ADR schedule within 21 days.

Electronically signed on Friday, March 15, 2024, per V.R.E.F. 9(d).


Timothy B. Tomasi
Superior Court Judge